UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CINDY L. RESCHKE,

    Plaintiff,

vs.                                    Case No. 3:21-cv-1081-MMH-PDB

TARGET CORPORATION, a
Foreign Profit Corporation,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 28, 2021, Defendant Target Corporation, (Target) filed a notice of removal, seeking to remove this case from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. See generally Defendant Target Corporation's Notice of Removal (Doc. 1; Notice). In the Notice, Target asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as "[t]he amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties." See id. ¶ 13. However, upon review of the Notice as well as the Complaint (Doc. 3; Complaint), the Court is unable to determine whether it has diversity jurisdiction over this action because Target has not adequately plead the citizenship of Plaintiff Cindy L. Reschke.[1] See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, Target alleges that "[a]t the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Duval County, Florida."[2] See Notice ¶ 3. As support for these allegations, Target cites to the Complaint, in which Plaintiff alleges that she "was a resident of Jacksonville, Duval County, Florida." See id. (citing Complaint ¶ 2). However, to establish diversity jurisdiction in a case involving a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor, 30 F.3d at 1367. A natural person's citizenship is determined by the person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367;

---

orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

[2] The Court notes that "diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting PTA–FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016).

Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Although Target alleges that "Plaintiff was a citizen" of Florida, Target appears to base that assertion on Plaintiff's representation in the Complaint that she "was a resident of Jacksonville, Duval County, Florida"—which would render Target's allegation of Plaintiff's citizenship inadequate for purposes of diversity jurisdiction. See Taylor, 30 F.3d at 1367.

Without additional information regarding the citizenship of Plaintiff Cindy L. Reschke, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[3]

Accordingly, it is

---

[3] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

**ORDERED**:

Defendant Target Corporation shall have until **November 15, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.[4]

**DONE AND ORDERED** at Jacksonville, Florida on November 3, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28

Copies to:
Counsel of Record

---

[4] Significantly, in April of this year the Court instructed Counsel for Target on the requirements of properly pleading the citizenship of a natural person. See Order dated April 15, 2021 (Doc. 6), Schmelzer-Gonzalez v. Target, No. 3:21-cv-394-MMH-JRK. Counsel should discontinue the presentation of deficient jurisdictional allegations which only succeed in an unnecessary expenditure of judicial resources.