IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:21-cv-01081-MMH-PDB

CINDY L. RESCHKE,

    Plaintiff,

v.

TARGET CORPORATION,
A Foreign Profit Corporation

    Defendant.

_____/ *cl*

## PLAINTIFF'S MOTION FOR REMAND

COMES NOW the Plaintiff, CINDY RESCHKE, by and through her undersigned attorney, and files this motion under 28 U.S.C. § 1447 and Rule 3.01, *Rules of the U.S. District Court for the Middle District of Florida*, and files this, her Motion to Remand and supporting Memorandum of Law, and for grounds states as follows:

1. On September 24, 2021, Plaintiff filed its Complaint against Defendant Target Corporation, A Foreign Profit Corporation (hereinafter referred to as "Target") in the Fourth Judicial Circuit in and for Duval County, Florida.

2. Plaintiff's Complaint alleges that the damages are in excess of $30,000.

3. Plaintiff avers in her Complaint that Defendant's employee, while pushing a cart, negligently "struck the Plaintiff multiple times causing the Plaintiff to fall. *See* paras 8 through 10 of Plaintiff's Complaint.

4. As referenced in the Uniform Case Management Report filed with this Court,

Plaintiff intends to amend the Complaint to add the unknown employee as an additional defendant to the Complaint.  However, Defendant Target has not given the name of the employee to Plaintiff even though there have been multiple requests.  It is unknown if the employee is a resident of Florida or some other state.

5. Defendant Target, in its Notice of Removal, makes reference to a demand that was made to Target pre-suit.  Counsel for Plaintiff and the adjuster for Defendant entered into settlement discussions from March to April of 2021, consisting of a string of communications, wherein both sides engaged in "puffery," and "posturing."  Defendant fails to mention that Target's final offer to Plaintiff was $40,000 prior to filing suit – far less than the required jurisdictional threshold of $75,000.00.

6. Defendant also references total medical expenses of $65,519.37 made in a demand which showed the total amount of charged medical expenses.  However, Defendant fails to mention to the Court that the Plaintiff has health insurance, which has paid for the majority of the medical treatment related to her injuries.  As of the most recent Consolidated Statement of Benefits from the health insurer Humana, provided to Plaintiff on November 1, 2021, the amount of total benefits provided was $8,703.58 to date.  Please see attached as Exhibit A.  Additionally, there are remaining balances with some of the medical providers which appear to be less than $10,000.  Please see attached as Exhibit B.

7. On October 28, 2021, Defendant filed a Notice of Removal and this action was subsequently removed from the Fourth Judicial Circuit in and for Duval County, Florida to this Court on the basis of this matter falling within the jurisdictional limits of this court, and that there was diversity among the parties.

8.     Furthermore, Plaintiff respectfully requests that this Court order the Defendant to provide the name and last known address of the Target employee who hit Plaintiff with the cart as there may not even exist diversity of citizenship.

9.     Plaintiff avers that the amounts demanded in pre-litigation posture contained "puffery" and "posturing," and were never intended to liquidate Plaintiff's uncertain damages claim.

10.    This action should be remanded to Fourth Judicial Circuit in and for Duval County, Florida.

11.    Attached are orders from the Middle District granting remand under similar circumstances (See Plaintiff's Exhibit "C").

## MEMORANDUM OF LAW

It is well established that removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Burns v Windsor Ins., Co., 31 F.3d 1092, 1094 (11th Cir. 1994)("[R] removal statutes are construed narrowly; [when the parties dispute jurisdiction], uncertainties are resolved in favor of remand."). *See also*, American Fire &Cas. Co. Finn, 341 U.S. 6 (1951). The principle of strict construction of 28 U.S.C. §1441 is particularly applicable in cases involving diversity of citizenship. Gober v Allstate Ins. Co., 855 F.Supp. 158 (S.D. Miss. 1995); Robinson v Quality Ins. Co., 633 F. Supp 572 (S. D. Ala. 1986).

The requirement that the minimum amount in controversy for diversity of citizenship jurisdiction be met is narrowly construed so as not to frustrate the congressional purpose of keeping the diversity caseload of Federal Courts under some modicum of control. Pierson v Source Perrier, S.A., 848 F. Supp. 1186 (E.D. Penn. 1994), *citing*, Packard v Provident NationalBank, 944 F.2d 1039

(3rd Cir. 1993). All doubts concerning jurisdiction should be resolved in favor of remand. Pierson, *supra, citing*, Abels v State Farm Fire & Cas. Co., 770 F. 2d 26 (3rd Cir. 1985).

Defendants have a right by statute to remove in certain circumstances. However, Plaintiff is still the master of her own claim. Burns v. Windsor Ins. Co.*,* 31 F.3d 1092 (11th Cir. 1994).

As such, the Defendant's right to remove and Plaintiff's right to choose her forum are not equal; removal statutes are construed narrowly and when a dispute arises as to jurisdiction, uncertainties should be resolved in favor of remand. Id. at 1097. In determining whether a claim exceeds the jurisdictional limit, the standard to be used, when measuring the damages sought and amounts in controversy, is an objective one wherein the subjective intent or belief of the parties is not a proper measure. Burns v. Windsor Ins. Co.*, supra.* A removing party has the burden of proving that federal jurisdiction exists by preponderance of the evidence and the removing party must present facts establishing its right to remove. If the removing party fails to meet this burden, the case must be remanded. Williams v Best Buy Company, Inc., 269 F. 3d 1316 (11th Cir. 2001).

To determine whether this standard is met, the Court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Miedema v. Maytag Corp.*,* 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed," Id. (citation omitted).  A defendant seeking removal may submit affidavits or other evidence to meet its burden of showing a jurisdictional basis for removal, *see* Pretka*,* 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp.*,* 216 F.3d 945, 949 (11th Cir. 2000).

**The Defendant has failed to meet its burden in establishing the
amount in controversy of seventy-five thousand dollars**

The Defendant has failed to satisfy its burden of establishing that the requisite minimum amount in controversy of seventy-five thousand dollars ($75,000.00) is exceeded in the subject action. Where, as in the case at bar, a plaintiff makes an unspecified demand for damages in a state court complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. Tapscott v. M.S. Dealer Service Corp., 77 F. 3d 1353 (11th Cir. 1996), overruled on other grounds, by Cohen v Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). *See also*, Singer v State Farm Mut. Auto. Ins. Co., 116 F. 3d 373 (9th Cir. 1997); Golden v Dodge-Markham Co., Inc., 1 F. Supp 2d 1360 (M.D. Fla. 1998); *Gober*, *supra*. A removing party has the burden of proving that federal jurisdiction exists by preponderance of the evidence and the removing party must present facts establishing its right to remove. If the removing party fails to meet this burden, the case must be remanded. Williams v Best Buy Company, Inc., *supra*.

Here, Defendant submits as evidence Plaintiff's Pre-Suit Settlement Demand as proof that the amount in controversy is satisfied.  A settlement demand is a subjective evaluation of the damages. Defendant's use of Plaintiff's Pre-Suit Settlement Demand as notice that a case could be removed to Federal Court is proper as a factor to evaluate; however, standing alone it is insufficient to meet the Defendant's burden that the amount in controversy exceeds $75,000.00. In Golden v. Dodge-Markham Co., Inc., 1 F.Supp.2d 1360 (M.D. Fla. 1998), the Court was confronted with an action originally brought in state court based on wrongful termination. The defendant removed the action to Federal Court and as grounds for removal relied upon a pre-suit demand letter as evidence of the amount in controversy. To meet its burden, the defendant brought forward no objective

evidence of the amount in controversy, instead relying only upon the pre-suit demand and its subjective evaluation of the amount of compensatory damages, which could be awarded if plaintiff prevailed. The court found defendant did not meet its burden. In doing so, the court rejected the defendant's reliance on plaintiff's pre-suit demand/settlement offer and subjective evaluation of damages. Golden at 1360.  It should also be noted that Defendant's offer prior to filing suit was far less that the jurisdictional limits of this Court.

In Brooks v. Sears, Roebuck & Co., 2018 U.S. Dist. LEXIS 123381 (M.D. Fla. 2018), the Court found that a PFS for $135,000 did not establish the amount in controversy requirement:

> As it did in its response to the Show Cause Order, Defendant objects to the R&R's contrary conclusion by urging the Court to find that the Settlement Proposal sufficiently establishes the requisite amount in controversy. (Doc. 19, pp. 5-9.) This argument is no more persuasive as an objection to the R&R than it was in response to the Show Cause Order.
>
> Settlement offers are not conclusive proof of the amount in controversy; rather, courts consider the circumstances under which they are made, including the specificity of information provided in the offer.1Link to the text of the note See Alilin v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1183-Orl-41DAB, 2015 U.S. Dist. LEXIS 11124, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2015). Here, Defendant offers the Settlement Proposal as the sole evidence of the amount in controversy. (See Doc. 19, pp. 5-9.) But it lacks specific information to suggest that $135,000 is a reasonable assessment of Plaintiff's claim. (See Doc. 1-2, p. 1.) And Defendant provides no details concerning the nature and severity of Plaintiff's injuries which would allow the Court to determine the reasonableness of the proposal. With this, the Settlement Proposal—standing alone—is insufficient to establish the amount in controversy. See, e.g., Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (finding a post-suit settlement offer making a flat claim for $155,000 with no information about how the damages were assessed failed to establish the amount in controversy). So Defendant has failed to carry its burden on this requirement.
>
> Failing to establish diversity jurisdiction, Defendant has failed to demonstrate subject matter jurisdiction. See Williams, 269 F.3d at 1319. Thus, this case is due to be remanded.

Id at 5, 6.

In Bess v. Day, 2015 U.S. Dist. LEXIS 161891(M.D. Fla. 2015), which Order is attached as part of  Exhibit C, the defendant relied on a pre-suit demand, and the plaintiff's injuries to establish

the amount in controversy requirement, including the possibility of surgery, and medical bills of "only $14,662." Id at 4. The Court found that these "allegations that Plaintiff might incur future medical expenses, including the cost of a surgery, . . . do not prove to a 'legal certainty' that the amount in controversy exceeds $75,000.." Id. Defendant has submitted no factual allegations that the total medical expenses exceed $75,000, and also fails to advise the Court that Plaintiff has health insurance, which greatly reduces the amount which Plaintiff would be entitled to post-verdict with collateral set-offs.

Next, Defendant relies on "posturing" and "puffery" as part of the settlement negotiations between opposing counsel and the pre-suit adjuster as a factual allegation to determine the amount in controversy. In Bess v. Day, the Court found that a Plaintiff's settlement negotiation letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of damages sought by the plaintiff." Id. it 4. Here, Defendant Target relies on representations by Plaintiff's counsel's demand. These statements made in settlement negotiations are not the factual allegations required for Federal jurisdiction.

The only allegations regarding the amount in controversy asserted in the Notice of Removal are speculation, and Defendant has failed to meet its burden to establish Federal Diversity Jurisdiction.

Additionally, Defendant's employee may also be a resident of the state of Florida, and Plaintiff respectfully requests this Court to compel Defendant to give the name and last known address of the Target employee who hit the Plaintiff with the cart.

WHEREFORE, Plaintiff, CINDY RESCHKE, requests that this Court remand

this action to the Fourth Judicial Circuit in and for Duval County, CINDY RESCHKE also seeks her attorneys' fees and costs in accordance with 28 U.S.C. § 1447(c), and grant all other relief this court deems just and appropriate.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 24th day of November, 2021, a true and correct copy of the foregoing was electronically filed the foregoing document with the Clerk of Court by using the CM/ECF filing system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified as below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for hose counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**FARAH & FARAH, P.A.**

 */s/ John C. Thomas*
**JOHN C. THOMAS, ESQUIRE**
FL Bar No.: 22077
10 West Adams Street
Jacksonville, FL 32202
(904) 515-2578 ▪ (904) 515-2578 (Fax)
Primary: jthomas@farahandfarah.com
Secondary: mwomble@farahandfarah.com

**ATTORNEY FOR PLAINTIFF**

(SERVICE LIST TO FOLLOW ON NEXT PAGE)

## SERVICE LIST

Joseph B. Stokes, Esquire
joseph.stokes@saalfieldlaw.com,
khosea@saalfieldlaw.com,
llovein@saalfieldlaw.com,
wdean@saalfieldlaw.com
***Counsel for Defendant***
*(via CM/ECF)*